DONNA HAYES SULLIVAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sullivan v. Commissioner
Docket No. 7759-94
United States Tax Court
T.C. Memo 1995-240; 1995 Tax Ct. Memo LEXIS 243; 69 T.C.M. (CCH) 2792; June 5, 1995, Filed *243 Decision will be entered for petitioner. For petitioner: Raymond A. Snow. For respondent: Paul Colleran. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,765 in Federal income tax and an accuracy-related penalty under section 6662(a) of $ 353 for petitioner's 1990 tax year. The issues for decision are: (1) Whether payments received by petitioner from her former husband constituted taxable alimony income under section 71(a), and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time *244 the petition was filed, petitioner's legal residence was Medford, Massachusetts. Petitioner and Daniel J. Sullivan, III (Mr. Sullivan), were married in April 1971. Two children, Daniel Joseph and Megan Hayes, were born of this marriage. On December 30, 1980, petitioner and Mr. Sullivan entered into a separation agreement. The terms of the separation agreement provided, in pertinent part: F. The husband will pay to the Wife for the care, support and maintenance of the Wife and the minor children the sum of $ 5,200, per year. Said payments are to be made weekly in the amount of $ 100, for the first payment being made on January 10, 1981 and subsequent weekly payments on the Saturday of each week thereafter. The payments for the care, support and maintenance of each minor child shall end on said minor child's eighteenth birthday, emancipation, as hereinafter defined, death or marriage of said child whichever shall first occur.
On January 7, 1981, petitioner and Mr. Sullivan were divorced. A Judgment of Divorce Nisi, dated January 7, 1981, was rendered by the Massachusetts Probate Court. The separation agreement of December 30, 1980, was incorporated and merged in the *245 Judgement of Divorce Nisi. As petitioner's children grew into their teenage years, petitioner's need for financial support increased dramatically. Petitioner retained counsel, who advised her to petition the court for a modification order to increase her weekly payments. Petitioner was advised by counsel that, under her then economic circumstances, the Massachusetts Probate Court would not likely provide alimony payments for her support but would likely modify the Judgment of Divorce Nisi of January 7, 1981, to increase the child support payments. On November 30, 1989, the Judgment of Divorce Nisi was modified by the same Massachusetts Probate Court that rendered the original divorce decree. The Modification Judgment incorporated a separate, handwritten agreement between petitioner and Mr. Sullivan, agreed to out of Court, dated November 30, 1989, and entitled "Agreement on Modifications", which provided, in pertinent part: 1. Child Support Payments as provided for under Agreement of December 30, 1980 shall be increased from $ 100 to $ 150 per week. Beginning on December 9, 1989. [Emphasis added.] * * * In all other respects the Agreement of 12/30/80 shall *246 remain in full force and effect.
During 1990, petitioner received payments totaling $ 7,800 from Mr. Sullivan, pursuant to the terms of the separation agreement of December 30, 1980, as modified by the judgment dated November 30, 1989. Petitioner did not report the $ 7,800 as alimony income on her 1990 Federal income tax return. Based on advice from counsel and her own independent research, petitioner believed the payments she received during 1990 represented child support, which is not taxable income under the Internal Revenue Code. Sec. 71. In the notice of deficiency, respondent determined that the $ 7,800, which petitioner received from Mr. Sullivan during 1990, constituted alimony and, therefore, was taxable income. The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); . The inclusion of alimony in gross income is governed by section 71.[2] Section 71(a) provides generally that gross income includes periodic payments received in discharge of a legal obligation, which, *247 because of the marital or family relationship, is imposed under a divorce decree or under a written instrument incident to a divorce or separation. Section 71(b) provides that section 71(a) shall not apply to any part of such payment that is fixed as a sum payable for the support of minor children of the payor. In , the Supreme Court held that, because the divorce agreement in that case did not specifically fix a sum certain for child support payments, the total payment was fully taxable to the ex-spouse as alimony. Here, neither petitioner nor respondent has suggested that payments under the original support agreement, which was incorporated and merged in the Judgment of Divorce Nisi, were other than taxable alimony income to petitioner. Such initial payments appear to fall squarely within At issue, however, is the character of the payments made by Mr. Sullivan during 1990 under the Modification Judgment of November 30, 1989. *248 The Modification Judgment specifically requires Mr. Sullivan to make "child support payments" of $ 150 per week to petitioner. Thus, the terms of the Modification Judgment of November 30, 1989, "fix, in terms of an amount of money * * * as a sum which is payable for the support of minor children" of Mr. Sullivan, weekly payments of $ 150. Sec. 71(b); ; see , affd. sub nom. . The payments made to petitioner by Mr. Sullivan in 1990, therefore, do not constitute taxable alimony income. Accordingly, the Court sustains petitioner on this issue. The next issue is whether petitioner is liable for the section 6662(a) accuracy-related penalty for negligence or disregard of rules or regulations. Since the only other issue in this case has been resolved in favor of petitioner, the accuracy-related penalty under section 6662(a) is moot. Decision will be entered for petitioner. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is undisputed that the payments received by petitioner during 1990 constitute child support rather than alimony under sec. 71, as amended by the Tax Reform Act of 1984, Pub. L. 98 -369, 98 Stat. 795 (the Act). Respondent contends, however, that prior law applies because the original divorce judgment was entered in 1981. Accordingly, we will assume, without deciding, that prior law applies. References to sec. 71 are, therefore, to the version of the statute in effect before amendment by the Act.↩